# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

May 7, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KIMBERLY A. LAMP,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0775**  (BOR Appeal No. 2049255)
(Claim No. 2002006188)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CAMDEN CLARK MEMORIAL HOSPITAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kimberly A. Lamp, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 16, 2014, in which the Board affirmed a February 7, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 21, 2013, decision denying Ms. Lamp's request for a psychological evaluation for a possible spinal cord stimulator procedure. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Lamp filed a Report of Injury on June 18, 2001, indicating that she was injured while carrying radiographic films and their jackets to and from viewing rooms while employed as a radiographic clerk at Camden Clark Memorial Hospital. The claim was held compensable and Ms. Lamp underwent extensive lumbar spine surgery to treat the compensable injury. Michael Shramowiat, M.D., began treating Ms. Lamp following the compensable injury and continues to be her primary care provider for pain management. On January 31, 2013, Dr. Shramowiat requested authorization for a psychological evaluation for a possible spinal cord stimulator procedure, which the claims administrator denied on February 21, 2013. In its Order affirming the February 21, 2013, claims administrator's decision, the Office of Judges held that the requested psychological evaluation for a possible spinal cord stimulator procedure does not constitute medically necessary and reasonably required medical treatment in relation to the compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 16, 2014. On appeal, Ms. Lamp asserts that she is entitled to the requested psychological evaluation because Dr. Shramowiat has testified that she continues to experience pain as a result of her compensable injury, which he opines can be treated with a spinal cord stimulator.

As noted by the Office of Judges, Ms. Lamp has made numerous prior requests for additional medical treatment which were denied based on the reports of Charles Lefebure, M.D.; Prasadarao Mukkamala, M.D.; Saghir Mir, M.D.; and ChuanFang Jin, M.D., who have all opined that Ms. Lamp has reached maximum medical improvement and have determined that her current symptomology stems from pre-existing degenerative changes unrelated to the compensable injury. The Office of Judges found that Ms. Lamp's current condition continues to be the result of non-compensable degenerative changes and remains unrelated to her compensable injury, and therefore determined that the request for authorization of a psychological evaluation for a possible spinal cord stimulator procedure arises from Ms. Lamp's ongoing non-compensable degenerative changes. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2